## JEAN BAPTISTE DAIGLE and Wife v. JEAN BRUZZÉ.

On the sale of land, it was stipulated that the price should be paid in instalments at future periods, but the act was silent as to interest. In an action for the price, with interest from the day of sale: *Held*, that the property producing fruits, the vendor is entitled to interest, but only from the maturity of the instalments. C. C. 2531.

APPEAL from the District Court of Lafourche Interior, *Deblieux*, J.

MORPHY, J. The defendant, who has appealed from an order of seizure and sale rendered upon an act importing a confession of judgment, assigns as error apparent on the face of the record, that the order was issued for a larger sum than that purporting to be due by the authentic act annexed to the petition. The record shows, that a mortgage was retained by the plaintiffs on an *arpent* of land, sold by them to the defendant on the 8th of September, 1836, to secure the price thereof, amounting to $450, which was stipulated to be paid, one-third in all March, 1837, one-third in all March, 1838, and one-third in all March, 1839. On this evidence the plaintiffs prayed for, and the Judge allowed legal interest on the whole price from the day of sale, and the notice of seizure to the defendant issued accordingly. This is clearly erroneous. As the property sold was one producing fruits, the vendor was entitled to interest, but only from the maturity of the instalments. Civil Code, art. 2531.

It is, therefore, ordered that the judgment of the District Court be reversed, and that the tract of land described in the plaintiffs' petition be seized and sold to satisfy their claim, with legal interest on $150 from the 31st of March, 1837, on $150 from the 31st of March, 1838, and on $150 from the 31st of March, 1839, with costs below, those of this court to be paid by the plaintiffs and appellees.

*Thibodeaux* and *Cole*, for the plaintiffs.

*Beatty*, for the appellant.